UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

GREGORY HARDY,

            Plaintiff,                         Case No. 1:17-cv-20

v.                                                    Honorable Paul L. Maloney

INGHAM COUNTY JAIL et al.,

            Defendants.

_____/

## OPINION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court determines that Defendants Ionia County Jail, WLNS Crime Stoppers, Jerold McGlothlin, Myrle Carner, Jane Doe (Unknown Party #2), and Unknown Jungel will be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2). The Court will serve the complaint against Defendant Moore.

### Discussion

    I.    <u>Factual allegations</u>

Plaintiff Gregory Hardy is a former inmate of the Ingham County Jail (ICJ). He sues the ICJ, and the following ICJ employees: Nurse Christina Moore; Lieutenant (unknown) Jungel, and two unknown deputies named as John Doe (Unknown Party #1) and Jane Doe (Unknown Party #2). He also sues WLNS Crime Stoppers and apparent Crime-Stoppers employees Jerold McGlothlin and Myrle Carner.

Plaintiff alleges that, on July 5, 2016, he entered the ICJ as an inmate. The unknown deputy who processed him into the jail, John Doe or Unknown Party #1, told Plaintiff that he was required to provide his social security number and prison number. On July 12, 2016, Defendant Jungel advised Plaintiff that Defendant Moore had told him that Plaintiff had called Moore a "Bitch." (Compl., ECF No. 1, PageID.6.) Defendant Jungel "sadistic[ally]" advised Plaintiff that the next time he saw Plaintiff he would place him in isolation. (*Id.*) However, Plaintiff was discharged on July 13, 2016. Plaintiff alleges that he explained to Jungel that he had previously sued Moore, in a case that was settled after three years of litigation. *See Hardy v. Montimayor et al.*, No 1:13-cv-1133 (W.D. Mich. Mar. 3, 2016). According to Plaintiff, Moore was "playing him" with an intent to retaliate. (Compl., ECF No. 1, PagID.6.)

Plaintiff returned to ICJ on September 9, 2016. He was again processed by Defendant John Doe. Defendant John Doe conducted himself in a joking manner, as if he knew Plaintiff. Defendant John Doe escorted Plaintiff to the mugshot area and told Plaintiff that mugshots were required each time a person entered ICJ. John Doe told Plaintiff that he had "used information in

the past regarding plaintiff to WLNS "Crime Stoppers," but then indicated that he was joking. (*Id.*, PageID.7.) Plaintiff contends, however, that Defendant John Doe was not joking, because information about Plaintiff was aired on WLNS Crime Stoppers, describing Plaintiff as a sexual predator and relating the address where Plaintiff lived. In addition, Plaintiff alleges that he observed Defendant John Doe write Plaintiff's address on a piece of paper during processing and later pass the paper to Defendant Moore. Plaintiff complains that Defendants John Doe, Moore and WLNS Crime Stoppers should have known that their actions in publicizing such defamatory information were unconstitutional.

After Plaintiff was processed, he encountered Defendant Classification Deputy Jane Doe, who became argumentative with Plaintiff before calling Defendant Lieutenant Jungel. Jungel placed Plaintiff in isolation, "just as he had 'promised' on July 12, 2016 for 48 hours." (*Id.*, PageID.9.) Plaintiff complains that he did not receive due process. He also complains that the cell was extremely cold, but he was not given a blanket. He also complains that he was only given cold, leftover finger sandwiches while other inmates received hot food trays. Plaintiff was released from isolation on September 11, 2016, two days later.

After release from isolation, Plaintiff was placed in unit 4-C, in a disciplinary cell. He claims that he was denied restroom privileges and forced to urinate in the cell garbage can for an unspecified period of time. He also allegedly was denied out-of-cell exercise.

Finally, Plaintiff makes confusing allegations about his attempts to locate Defendants Jerold McGlothin and Myrle Carner of WLNS Crime Stoppers.

Plaintiff asserts that Defendants retaliated against him for his prior federal lawsuit, defamed his character, subjected him to cruel and unusual punishment, fabricated an improper

security classification level, and deprived him of due process. For relief, he seeks compensatory and punitive damages.

## II. Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

### A.   Ingham County Jail

Plaintiff sues the Ingham County Jail. The jail is a building, not an entity capable of being sued in its own right. However, construing Plaintiff's *pro se* complaint with all required liberality, *Haines*, 404 U.S. at 520, the Court assumes that Plaintiff intends to sue Ingham County. Ingham County may not be held vicariously liable for the actions of its employees under § 1983. *See Connick v. Thompson*, 131 S. Ct. 1350, 1359 (2011); *City of Canton v. Harris*, 489 U.S. 378, 392 (1989); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). Instead, a county is liable only when its official policy or custom causes the injury. *Id.*

Plaintiff's allegations against the county rest entirely on a theory of vicarious liability and therefore do not state a claim. *Id.* Plaintiff does not even suggest the existence of a policy or custom, much less allege facts indicating that the municipality was deliberately indifferent to "practices so persistent and widespread as to practically have the force of law." *Connick*, 131 S. Ct. at 1359. Plaintiff therefore fails to state a claim against Ingham County. Accordingly, the Court will dismiss the Ingham County Jail.

### B.   Private Actors

Plaintiff sues WLNS Crime Stoppers and its officials Jerold McGlothlin and Myrle Carner, presumably because they broadcast a report that Plaintiff was a "Sexual Predator." (Compl., ECF No. 1, PageID.7.) Although Plaintiff describes Defendant WLNS Crime Stoppers as a governmental agency, WLNS is a television news station in Lansing, Michigan, which broadcasts "Crime Stoppers" as part of its programming, highlighting information from Crime Stoppers of Mid Michigan. *See* http://wlns.com/category/news/crime-stoppers/. According to its website, "Crime Stoppers of Mid Michigan, founded in 1989, is a non profit community organization that raises funds

for rewards encouraging citizen witnesses to call an anonymous tip line to solve felony crimes in the Mid Michigan area." *See* http://www.crimestoppersofmidmichigan.com/.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). In order for a private party's conduct to be under color of state law, it must be "fairly attributable to the State." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982); *Street*, 102 F.3d at 814. There must be "a sufficiently close nexus between the State and the challenged action of [the defendant] so that the action of the latter may be fairly treated as that of the State itself." *Skelton v. Pri-Cor, Inc.*, 963 F.2d 100, 102 (6th Cir. 1991) (citing *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 351 (1974)).

Here, Petitioner utterly fails to allege facts supporting a conclusion that the actions of Defendants WLNS Crime Stoppers, McGlothlin, and Carner should be fairly treated as those of the state. The fact that WLNS may be subject to federal and state licensing requirements is insufficient to indicate that it was acting under color of state law. Indeed, Plaintiff alleges that Defendants John Doe and Moore were acting outside their authority in providing information. *See Kottmyer v. Maas*, 436 F.3d 684, 688 (6th Cir. 2006) (allegation that hospital and social worker were subject to state licensing was insufficient to support finding that defendants were acting under color of state law). Moreover, even if WLNS or Crime Stoppers receives public funding, such funding would not render them "state actors" for purposes of § 1983. *See Rendell-Baker v. Kohn*, 457 U.S. 830, 840 (1982) (nonprofit, privately operated school's receipt of public funds did not make its

employee discharge decisions acts of state subject to suit under federal statute governing civil action for deprivation of rights); *Adams v. Vandemark*, 855 F.2d 312, 315-16 (6th Cir. 1988) (fact that nonprofit corporation was funded almost entirely by public sources, and was subject to state regulation, without more, is insufficient to make private entity's decision to discharge employees attributable to state for purpose of § 1983 action).

Moreover, Plaintiff's complaint is devoid of factual allegations concerning Defendants Jerold McGlothlin and Myrle Carner. It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. *See Twombly*, 550 U.S. at 544 (holding that, in order to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim). Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing the plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights); *Griffin v. Montgomery*, No. 00-3402, 2000 WL 1800569, at *2 (6th Cir. Nov. 30, 2000) (requiring allegations of personal involvement against each defendant)); *Rodriguez v. Jabe*, No. 90-1010, 1990 WL 82722, at *1 (6th Cir. June 19, 1990) ("Plaintiff's claims against those individuals are without a basis in law as the complaint is totally devoid of allegations as to them which would suggest their involvement in the events leading to his injuries."); *see also Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994); *Krych v. Hvass*, 83 F. App'x 854, 855 (8th Cir. 2003); *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974); *Williams v. Hopkins*, No. 06-14064, 2007 WL 2572406, at *4 (E.D. Mich. Sept. 6, 2007); *McCoy v. McBride*, No. 3:96-cv-227RP, 1996 WL 697937, at *2 (N.D. Ind. Nov. 5, 1996); *Eckford-*

*El v. Toombs*, 760 F. Supp. 1267, 1272-73 (W.D. Mich. 1991). Plaintiff fails to even to mention Defendants McGlothlin and Carner in the body of his complaint. His allegations therefore fall far short of the minimal pleading standards under FED. R. CIV. P. 8 (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief").

### C. Defendant Jane Doe

Plaintiff alleges that Defendant Jane Doe "deliberately became argumentative freely relating to plaintiff as being a 'Bitch' prior to plaintiff questioning her regarding his placement in 4-C." (Compl., ECF No. 1, PageID.9.) She thereafter apparently called Defendant Lieutenant Jungel, who placed Plaintiff in isolation.

Presumably, Plaintiff intends to allege an Eighth Amendment claim. The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 345-46 (1981). The Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346). The deprivation alleged must result in the denial of the "minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347; *see also Wilson v. Yaklich*, 148 F.3d 596, 600-01 (6th Cir. 1998). The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes*, 452 U.S. at 348 (citation omitted). Moreover, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey*, 832 F.2d at 954.

The use of harassing or degrading language by a prison official, although unprofessional and deplorable, does not rise to constitutional dimensions. *See Ivey v. Wilson*, 832 F.2d 950, 954-55 (6th Cir. 1987); *see also Johnson v. Dellatifa*, 357 F.3d 539, 546 (6th Cir. 2004) (harassment and verbal abuse do not constitute the type of infliction of pain that the Eighth Amendment prohibits); *Violett v. Reynolds,* No. 02-6366, 2003 WL 22097827, at *3 (6th Cir. Sept. 5, 2003) (verbal abuse and harassment do not constitute punishment that would support an Eighth Amendment claim); *Thaddeus-X v. Langley*, No. 96-1282, 1997 WL 205604, at *1 (6th Cir. Apr. 24, 1997) (verbal harassment is insufficient to state a claim); *Murray v. U.S. Bureau of Prisons*, No. 95-5204, 1997 WL 34677, at *3 (6th Cir. Jan. 28, 1997) ("Although we do not condone the alleged statements, the Eighth Amendment does not afford us the power to correct every action, statement or attitude of a prison official with which we might disagree."); *Clark v. Turner*, No. 96-3265, 1996 WL 721798, at *2 (6th Cir. Dec. 13, 1996) ("Verbal harassment and idle threats are generally not sufficient to constitute an invasion of an inmate's constitutional rights."); *Brown v. Toombs*, No. 92-1756, 1993 WL 11882 (6th Cir. Jan. 21, 1993) ("Brown's allegation that a corrections officer used derogatory language and insulting racial epithets is insufficient to support his claim under the Eighth Amendment."). Accordingly, Plaintiff fails to state an Eighth Amendment claim against Defendant Jane Doe arising from her alleged verbal abuse.

### D. Defendant Jungel

Plaintiff alleges that, on July 12, 2016, Defendant Jungel threatened to have Plaintiff placed in isolation. On September 9, 2016, Defendant Jungel allegedly had Plaintiff placed in isolation for two days. Plaintiff complains that Jungel's conduct deprived him of his rights under the Eighth Amendment and the Due Process Clause.

Placement in segregation is a routine discomfort that is "'part of the penalty that criminal offenders pay for their offenses against society.'" *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (quoting *Rhodes*, 452 U.S. 337, 347 (1981); *see also Jones v. Waller*, No. 98-5739, 1999 WL 313893, at *2 (6th Cir. May 4, 1999). Plaintiff complains that he was denied certain privileges as a result of his segregation, including being subjected to cold temperatures for two days without a blanket and being given only cold finger sandwiches to eat. Allegations about temporary inconveniences, e.g., being deprived of a lower bunk, subjected to a flooded cell, or deprived of a working toilet, do not demonstrate that the conditions fell beneath the minimal civilized measure of life's necessities as measured by a contemporary standard of decency. *Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001); *see also J.P. v. Taft*, 439 F. Supp. 2d 793, 811 (S.D. Ohio 2006) ("[M]inor inconveniences resulting from the difficulties in administering a large detention facility do not give rise to a constitutional claim." (internal citation omitted)). *But see Flanory v. Bonn*, 604 F.3d 249, 255-56 (6th Cir. 2010) (holding that allegations that an inmate was deprived of toothpaste for 337 days and experienced dental health problems did not constitute a temporary inconvenience and were sufficient to state an Eighth Amendment claim). Such allegations do not support a conclusion that Plaintiff was denied basic human needs and requirements. The Sixth Circuit has held that without a showing that basic human needs were not met, the denial of privileges as a result of administrative segregation cannot establish an Eighth Amendment violation. *See Evans v. Vinson*, 427 F. App'x 437, 443 (6th Cir. 2011); *Harden-Bey v. Rutter*, 524 F.3d 789, 795 (6th Cir. 2008).

In addition, Plaintiff cannot bring an Eighth Amendment claim for emotional or mental damages because he does not allege a physical injury. *See* 42 U. S.C. §1997e(e); *see also*

*Hudson*, 503 U.S. at 5; *Harden-Bey*, 524 F.3d at 795. As a result, Plaintiff fails to state an Eighth Amendment claim against Defendant Jungel.

Plaintiff also fails to state a due process claim. The Supreme Court long has held that the Due Process Clause does not protect every change in the conditions of confinement having an impact on a prisoner. *See Meachum v. Fano,* 427 U.S. 215, 225 (1976). In *Sandin v. Conner,* 515 U.S. 472, 484 (1995), the Court set forth the standard for determining when a prisoner's loss of liberty implicates a federally cognizable liberty interest protected by the Due Process Clause. According to the *Sandin* Court, a prisoner is entitled to the protections of due process only when a deprivation "will inevitably affect the duration of his sentence" or imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin,* 515 U.S. at 486-87; *see also Jones v. Baker,* 155 F.3d 810, 812 (6th Cir. 1998); *Rimmer-Bey v. Brown,* 62 F.3d 789, 790-91 (6th Cir. 1995).

Confinement in administrative segregation "is the sort of confinement that inmates should reasonably anticipate receiving at some point in their incarceration." *Hewitt v. Helms*, 459 U.S. 460, 467-73 (1983). Thus, it is considered atypical and significant only in "extreme circumstances." *Joseph v. Curtin,* 410 F. App'x 865, 868 (6th Cir. 2010). Generally, courts will consider the nature and duration of a stay in segregation to determine whether it imposes an "atypical and significant hardship." *Harden–Bey v. Rutter*, 524 F.3d 789, 794 (6th. Cir. 2008).

In *Sandin*, the Supreme Court concluded that the segregation at issue in that case (disciplinary segregation for 30 days) did not impose an atypical and significant hardship. *Sandin,* 515 U.S. at 484. Similarly, the Sixth Circuit has held that mere placement in administrative segregation, and placement for a relatively short period of time, do not require the protections of due

process. *Rimmer-Bey,* 62 F.3d at 790-91; *see Joseph v. Curtin,* 410 F. App'x 865, 868 (6th Cir. 2010) (61 days in segregation is not atypical and significant). The Sixth Circuit has also held, in specific circumstances, that confinement in segregation for a relatively long period of time does not implicate a liberty interest. *See, e.g.*, *Baker,* 155 F.3d at 812-23 (two years of segregation while the inmate was investigated for the murder of a prison guard in a riot); *Mackey v. Dyke,* 111 F.3d 460 (6th Cir. 1997) (one year of segregation following convictions for possession of illegal contraband and assault, including a 117-day delay in reclassification due to prison crowding). *But cf. Selby v. Caruso*, 734 F.3d 554, 559 (6th Cir. 2013) (13 years of segregation implicates a liberty interest); *Harden-Bey,* 524 F.3d at 795 (remanding to the district court to consider whether the plaintiff's allegedly "indefinite" period of segregation, *i.e.*, three years without an explanation from prison officials, implicates a liberty interest); *Harris v. Caruso,* 465 F. App'x 481, 484 (6th Cir. 2012) (eight years of segregation implicates a liberty interest).

Here, Plaintiff was placed in isolation for only 48 hours, far short of the 30 days approved by the Supreme Court in *Sandin*. He therefore fails to allege a due process violation.

### E. Remaining Defendants

The Court concludes that Plaintiff's allegations against Defendants Moore and John Doe (Unknown Party #1) are sufficient to warrant service of the complaint.

### Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendants Ionia County Jail, WLNS Crime Stoppers, Jerold McGlothlin, Myrle Carner, Jane Doe (Unknown Party #2), and Unknown Jungel will be dismissed for failure to state

a claim pursuant to 28 U.S.C. § 1915(e)(2). The Court will serve the complaint against Defendant Moore.[1]

        An Order consistent with this Opinion will be entered.


Dated:   January 31, 2017          /s/ Paul L. Maloney
                                                  Paul L. Maloney
                                                  United States District Judge

---

[1] The Court lacks sufficient information at this juncture to order service of the complaint on Defendant John Doe (Unknown Party #1).