UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | |
|---|---|
| GREGORY HARDY, | ) |
| | ) |
| Plaintiff, | )   Case No. 1:17-cv-20 |
| | ) |
| v. | )   Honorable Paul L. Maloney |
| | ) |
| CHRISTINA MOORE, et al., | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

**REPORT AND RECOMMENDATION**

This is a civil rights action brought *pro se* by plaintiff under 42 U.S.C. § 1983. This lawsuit stems from conditions of plaintiff's confinement in the Ingham County Jail. The defendants are Medication Associate Christina Moore and Deputy Jeffrey Rogers. Plaintiff claims that defendants violated his First, Eighth, and Fourteenth Amendment rights.[1] He also asks the Court to exercise supplemental jurisdiction over purported state law claims for defamation of character based on an assertion that his "sex offense information [was] no longer available to the public[.]" (ECF No. 1, PageID.4, 7-8). He seeks an award of $1.2 million dollars in damages. (*Id.* at PageID.10).

The matter is before the Court on defendants' motion for summary judgment. (ECF No. 54). Plaintiff has filed his response. (ECF No. 63, 69). For the reasons

---

[1] All other claims have been dismissed. (ECF No. 5, 6).

stated herein, I recommend that defendants' motion be granted and that judgment be entered in their favor on all plaintiff's claims.

## **Applicable Standards**

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *McKay v. Federspiel*, 823 F.3d 862, 866 (6th Cir. 2016). The standard for determining whether summary judgment is appropriate is "whether 'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Rocheleau v. Elder Living Const.*, LLC, 814 F.3d 398, 400 (6th Cir. 2016) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). The Court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *France v. Lucas*, 836 F.3d 612, 624 (6th Cir. 2016).

When the party without the burden of proof seeks summary judgment, that party bears the initial burden of pointing out to the district court an absence of evidence to support the nonmoving party's case, but need not support its motion with affidavits or other materials "negating" the opponent's claim. *See Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *see also Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the movant shows that "there is an absence

of evidence to support the nonmoving party's case," the nonmoving party has the burden of coming forward with evidence raising a triable issue of fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To sustain this burden, the nonmoving party may not rest on the mere allegations of his pleadings. *See Ellington v. City of E. Cleveland*, 689 F.3d 549, 552 (6th Cir. 2012); *see also Scadden v. Warner*, 677 F. App'x 996, 1001 (6th Cir. 2017). The motion for summary judgment forces the nonmoving party to present evidence sufficient to create a genuine issue of fact for trial. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1990); *see Newell Rubbermaid, Inc. v. Raymond Corp.*, 676 F.3d 521, 533 (6th Cir. 2012). "A mere scintilla of evidence is insufficient; 'there must be evidence on which a jury could reasonably find for the [non-movant].'" *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Anderson*, 477 U.S. at 252); *see Brown v. Battle Creek Police Dep't*, 844 F.3d 556, 565 (6th Cir. 2016).

## **Proposed Findings of Fact**

Plaintiff is a former inmate at the Ingham County Jail. He estimates that he had has been an inmate at the jail six or seven times. This lawsuit stems from two periods of confinement: July 5, through July 13, 2016, and September 9, through September 23, 2016. (Plf. Dep. at 6, ECF No. 66-1, PageID.400).

On July 5, 2016, plaintiff was arrested on a charge of assault with a deadly weapon. (*Id.* at 18, PageID.403). During the booking process, Deputy Jeffrey Rogers asked plaintiff to provide his MDOC prisoner number and social security number.

Plaintiff felt suspicious because he had not been asked those questions in prior bookings. (Plf. Dep. at PageID.9-10, PageID.401). On July 12, 2016, plaintiff had a verbal exchange with Lieutenant Jungel. Plaintiff states that the lieutenant related that Medication Associate Christina Moore told him that plaintiff called her a bitch.[2] (*Id.* at 10-11, PageID.401). On July 13, 2016, plaintiff was released. (*Id.*).

On September 9, 2016, plaintiff returned to the jail. He was awaiting sentencing on his assault with a deadly weapon conviction. (*Id.* at 18, PageID.403). Deputy Rogers again asked plaintiff to provide his social security and MDOC prisoner numbers. (*Id.* at 19-20, PageID.403). Deputy Rogers smiled when he was taking booking photographs. He brought up Crime Stoppers and said that, back in July 2016, he gave the organization plaintiff's name. (*Id.* at 21-32, PageID.404-06). Deputy Rogers took plaintiff's home address from the sex offender registry, wrote it down a small piece of paper, and handed the paper to Ms. Christina Moore. (*Id.* at 32-34, 45-46, PageID.406-07, 410).

Plaintiff suffers from mental illness. (ECF No. 63-1, PageID.327, ECF No. 69-1, PageID.460, 469). Plaintiff is a registered sex offender and that status and his

---

[2] Plaintiff concedes that in 2013 he called Ms. Moore a bitch. (Plf. Dep. at 13, 16-17, ECF No. 66-1, PageID.402-03). On October 15, 2013, plaintiff filed a lawsuit against Ms. Moore and others in this Court. On March 3, 2016, plaintiff's lawsuit was dismissed with prejudice pursuant to a stipulation. *See Hardy v. Ingham County Jail Corr. Fac.*, 1:13-cv-1133 (W.D. Mich. Mar. 3, 2016).

home address are matters of public record.[3]  Christina Moore is employed at the jail as a Medication Associate.  She has never been a nurse.  Her duties are limited to clerical confirmation and passing medications to inmates.  She is not involved in the processing of any inmate's housing classification, housing assignment, or discipline.  (Moore Aff. ¶¶ 1-3, ECF No. 80, PageID.521-22).

On September 9, 2016, plaintiff was insolent to Deputy Gyhra during the classification process.  Deputy Gyhra assigned plaintiff the classification of behavioral modification for forty-eight hours.  Inmates so classified are provided with mattresses, blankets, pillows and sheets between the hours of 11:00 p.m. and 5:30 a.m.  During other hours, these items are taken away from the prisoner to prevent their destruction or abuse.  (Ferguson Aff. ¶¶ 1-7 and attached exhibits, ECF No. 65, PageID.349-90).  Plaintiff concedes that the weather was not unusually cold during his brief period of confinement in behavioral modification.  He believes that the jail has "some sort of levers or switches . . . to jack up the coolness."  (Plf. Dep. at 48-63, ECF No. 66-1, PageID.410-14; ECF No. 66-2, PageID.438).  Plaintiff attributes "intermittent and fluctuating" aches and pains in "different part of his body" to "cold [getting into his] bones."  (ECF No. 69-1, PageID.453-72).

---

[3] *See* Michigan Public Sex Offender Registry found at http://www.icrimewatch.net/offenderdetails.php?OfndrID=2005620&AgencyID=55242address (last visited on June 18, 2018).

**Discussion**

I. **Eighth and Fourteenth Amendments**

Plaintiff was a pretrial detainee in July 2016, and in September 2016 he was a convicted prisoner awaiting sentencing. Although the Eighth Amendment's protections apply specifically to post-conviction inmates, *see Barber v. City of Salem, Ohio*, 953 F.2d 232, 235 (6th Cir. 1992), the Due Process Clause of the Fourteenth Amendment operates to guarantee pretrial detainees those same protections. *See Thompson v. Cty. of Medina, Ohio*, 29 F.3d 238, 242 (6th Cir. 1994); *see also Richko v. Wayne Cty.*, 819 F.3d 907, 915 (6th Cir. 2016).

The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 345-46 (1981). The Amendment, therefore, prohibits conduct by prison officials that involves the " 'unnecessary and wanton infliction of pain.' "[4] *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (*per curiam*) (quoting *Rhodes*, 452 U.S. at 346). The deprivation alleged must result in the denial of the "minimal civilized

---

[4] There is no statutory or constitutional underpinning for plaintiff's claims that asking him for his social security number and MDOC prisoner number at booking violated his rights. Asking questions to verify plaintiff's identity did not violate his rights. *See Poplar v. Waite*, No. 1:11-cv-470, 2011 WL 3585366, at *8-9 (W.D. Mich. Aug. 12, 2011); *Buster v. City of Cleveland*, No. 1:09-cv-1953, 2010 WL 330261, at *9 (N.D. Ohio Jan. 21, 2010); *see also Martin v. Cleveland Heights Police Dep't*, No. 1:13-cv-1750, 2014 WL 272221, at *5 (N.D. Ohio Jan. 23, 2014) ("[A]n individual has no constitutional right to privacy in the criminal record pertaining to him.") (citing *Lambert v. Hartman*, 517 F.3d 433, 440 (6th Cir. 2008)).

measure of life's necessities." *Rhodes*, 452 U.S. at 347. The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes*, 452 U.S. at 348. Moreover, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey*, 832 F.2d at 954. "Routine discomfort is 'part of the penalty that criminal offenders pay for their offenses against society.'" *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (quoting *Rhodes*, 452 U.S. at 347). As a consequence, "extreme deprivations are required to make out a conditions-of-confinement claim." *Id.*

Plaintiff has not presented evidence on which a reasonable trier of fact could find in his favor on an Eighth Amendment or Fourteenth Amendment conditions of confinement claim against defendants Moore and Rogers.

## II. First Amendment

Retaliation based upon a prisoner or detainee's exercise of his constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (*en banc*). In order to set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Id.* Moreover, a plaintiff must be able to prove that the

exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

The filing of a non-frivolous direct appeal, habeas corpus application, or civil rights claim is constitutionally protected conduct for which a prisoner cannot be subjected to retaliation. *See Lewis v. Casey*, 518 U.S. 343, 354 (1996); *Bounds v. Smith*, 430 U.S. 817, 821 (1977).

Plaintiff has not presented evidence on which a reasonable trier of fact could find an adverse action. The determination of whether a defendant's action is adverse is an objective one and does not depend on how a particular plaintiff reacted. The relevant question is whether a defendant's conduct is "capable of deterring a person of ordinary firmness" from exercising his rights; the plaintiff need not show actual deterrence. *Bell v. Johnson*, 308 F.3d 594, 606 (6th Cir. 2002). "[P]risoners are expected to endure more than the average citizen[.]" *Siggers-El v. Barlow*, 412 F.3d 693, 701 (6th Cir. 2005). Routine inconveniences of jail or prison life do not constitute adverse action. *See Reynolds-Bey v. Harris*, 428 F. App'x 493, 503 (6th Cir. 2011). An exchange of a slip of paper containing public information is not an adverse action.

Under the causation element of a prisoner's prima facie case for retaliation, the subjective motivation of the decisionmaker is at issue. "The third element of a First Amendment retaliation claim requires the plaintiff to prove a causal connection

between the protected conduct and the adverse action." *Vereecke v. Huron Valley Sch. Dist.*, 609 F.3d 392, 399-400 (6th Cir. 2010). "When assessing motive in the context of a summary judgment motion, bare allegations of malice do not suffice to establish a constitutional claim. This court has held that circumstantial evidence, like the timing of events or the disparate treatment of similarly situated individuals, is appropriate." *Id.* (internal quotations and citations omitted). Plaintiff must demonstrate that his protected speech was a substantial or motivating factor in the adverse action taken by each defendant. He must point to specific, nonconclusory evidence reasonably linking his speech to the adverse action. *See Rodgers v. Banks*, 344 F.3d 587, 602 (6th Cir. 2003); *see also Maben v. Thalen*, 887 F.3d 252, 267 (6th Cir. 2018) (" '[A] court may grant summary judgment even in a causation inquiry, where it is warranted.' ") (quoting *Hartsel v. Keys*, 87 F.3d 795, 803 (6th Cir. 1996)).

Plaintiff has not presented evidence on which a reasonable trier of fact could find a causal connection between his protected conduct and each defendant's actions. I find that defendants are entitled to judgment in their favor as a matter of law on plaintiff's First Amendment retaliation claims.

### III.   State Law Claims

Under 28 U.S.C. § 1367, a district court has broad discretion to decide whether to exercise jurisdiction over state law claims. *See Smith v. Erie County Sheriff's Dep't*, 603 F. App'x 414, 424 (6th Cir. 2015). "Supplemental jurisdiction is a doctrine of discretion, not of plaintiff's right." *Habich v. City of Dearborn*, 331 F.3d 524, 535 (6th

Cir. 2003) (citations and quotations omitted).  In determining whether to retain supplemental jurisdiction, a district court should consider "the interests of judicial economy and the avoidance of multiplicity of litigation and balance those interests against needlessly deciding state law issues." *Landefeld v. Marion Gen. Hosp., Inc.*, 994 F.2d 1178, 1182 (6th Cir. 1993).

Here, the factors weigh in favor of exercising supplemental jurisdiction because it is in the interest of judicial economy and it avoids multiplicity of litigation. Plaintiff does not have a viable state law claim.  He is a convicted sex offender and his address and conviction remain public information.  Plaintiff's sex offender status "cannot be the basis for [] defamation of character claim[s] because it was not a false representation." *Williams v. Fannie Mae*, No. 321677, 2015 WL 4591960, at *6 (Mich. Ct. App. July 16, 2015) (*per curiam*); *see Collins v. Detroit Free Press, Inc.*, 627 N.W.2d 5, 8-9 (Mich. Ct. App. 2001).

### Recommended Disposition

For the reasons set forth herein, I recommend that defendants' motion for summary judgment be (ECF No. 54) be granted and that judgment be entered in their favor on all plaintiff's claims.


Dated:   June 18, 2018            /s/  Phillip J. Green
                                  PHILLIP J. GREEN
                                  United States Magistrate Judge

## NOTICE TO PARTIES

ANY OBJECTIONS to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008). General objections do not suffice. *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).