UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| GREGORY HARDY, ) | |
|     PLAINTIFF, ) | |
| ) | NO. 1:17-CV-20 |
| -V- ) | |
| ) | HON. PAUL L. MALONEY |
| CHRISTINA MOORE, AT AL., ) | |
|     DEFENDANTS. ) | |
| ) | |

## OPINION

Plaintiff Gregory Hardy alleges that Defendants Christina Moore and Deputy Jeffrey Rogers violated his First, Eighth, and Fourteenth Amendment rights while he was confined in the Ingham County Jail. He also advances a state-law defamation claim via the Court's supplemental jurisdiction. Defendants have moved for summary judgment, and United States Magistrate Judge Phillip J. Green has issued a Report and Recommendation that the motion be granted. (ECF No. 87.) The matter is now before the Court on Plaintiff's objections to the R & R. (ECF No. 90.)

### Findings of Fact

Hardy does not object to the Proposed Findings of Fact, so the Court adopts the R & R in this regard.

A brief recounting of the procedural posture of the motion for summary judgment is also necessary for one of Plaintiff's objections. The Defendants moved for summary judgment in December of 2017. While the motion was under advisement, Magistrate Judge Phillip J. Green ordered Defendant Moore to file a corrected affidavit in support of the motion because the original affidavit was based on the best of her "knowledge, information

and belief." (ECF No. 79.) Moore timely filed a corrected affidavit that eliminated the improper limitations on her statements. (ECF No. 80.) One week later, Hardy filed a motion to strike the corrected affidavit, arguing that Judge Green's order to file a corrected affidavit was improper. (ECF No. 82.) Judge Green denied the motion via order, contemporaneous to issuing the R & R. (ECF No. 86.)

### Conclusions of the Magistrate Judge

The magistrate judge recommends granting the Defendant's motion for summary judgement in full. He concluded that Hardy had not presented evidence on which a reasonable trier of fact could find in his favor on an Eighth Amendment or Fourteenth Amendment conditions-of-confinement claim against Moore or Rogers. Similarly, the magistrate judge that Hardy had not presented evidence of an adverse action for his First Amendment claim, nor had he presented evidence from which a reasonable trier of fact could find a causal connection between his protected conduct and each defendant's actions. Finally, the magistrate judge concluded that Hardy's state-law defamation claim could not survive summary judgment because publication of his sex-offender status could not be a false representation.

### Legal Framework

Orders of magistrate judges on non-dispositive matters can be appealed under 28 U.S.C. § 636(b)(1)(A). *See also* W.D. Mich. LCivR 72.3(a). Legal conclusions are set aside if they are contrary to law. *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001) (citing *United States v. Raddatz,* 447 U.S. 667, 673 (1980).

With respect to a dispositive motion, a magistrate judge issues a report and recommendation, rather than an order. After being served with a report and recommendation issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). A district court judge reviews de novo the portions of the R & R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam) (holding the district court need not provide de novo review where the objections are frivolous, conclusive or too general because the burden is on the parties to "pinpoint those portions of the magistrate's report that the district court must specifically consider"). Failure to file an objection results in a waiver of the issue and the issue cannot be appealed. *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005); *see also Thomas v. Arn*, 474 U.S. 140, 155 (upholding the Sixth Circuit's practice). The district court judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

## Discussion

Hardy raises several objections to the R & R, but because they are meritless, the Court will overrule them and adopt the R & R.

His first objection pertains to Defendant Moore's affidavit in support of her motion for summary judgment. He incorporates by reference a brief he filed on June 18, 2018 to argue that the magistrate judge erred by denying his motion to strike the corrected affidavit.

3

The Court will construe this objection very liberally as an appeal to the district court on a non-dispositive order.

The Court must thus determine whether Judge Green committed legal error by denying the motion to strike. The Court does not find Hardy's argument persuasive. Rather than denying Defendants' motion without prejudice for filing a non-conforming affidavit, Judge Green properly exercised his discretion by ordering Moore to file a corrected affidavit. As Defendants noted in their response, Moore had a choice to either forego filing a corrected affidavit if the information was not within her personal knowledge, or if the "hedge words" were unnecessary, and she could truthfully assert that the information contained in the affidavit was solely based on her personal knowledge, then she could file a corrected affidavit. *Cf. Morgan v. Gandalf Ltd.*, 165 F. App'x 425, 431 (6th Cir. 2006) (holding that it was reversible error to refuse to consider corrected affidavit when deciding plaintiff's motion to reopen discovery). The Court does not find that Judge Green applied an improper legal standard or made a clear error of legal judgment by denying Hardy's motion to strike. This objection will be overruled.

Second, Hardy raises an argument relating to his First Amendment claim. He objects to the conclusion of the magistrate judge that he had not proffered evidence of an adverse action. As support, he asserts that he was wrongfully placed in a cell with "extreme cold air" and that it constituted an adverse action because it would deter a person of ordinary firmness from engaging in protected conduct. But Hardy does not challenge the magistrate judge's conclusion that he failed to show a nexus between the Defendants and the alleged adverse action. That is fatal to his claim. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001)

4

(citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)). This objection will be overruled.

Hardy also asserts that there is a pending motion to amend his complaint to add a First Amendment claim against Lieutenant Jungel. Hardy first filed a motion to amend his complaint on July 12, 2017. (ECF No. 24.) This motion made no mention of Jungel. But five days later, the magistrate judge dismissed the motion without prejudice for failure to comply with the Court's Local Civil Rule 7.1. (ECF No. 25.) Hardy filed for reconsideration (ECF No. 26), and the magistrate judge ordered him to refile his brief within seven days. (ECF No. 27.) Once that was accomplished, the magistrate judge granted the motion for reconsideration of the motion. (ECF No. 32.) But in an Order dated December 19, 2017, the Court granted in part and denied in part the motion on the merits. (ECF No. 52.) The Court allowed Hardy to substitute the name Jeffrey Rogers for John Doe in the complaint, but denied the motion in all other respects, including adding new claims, because the motion was procedurally deficient under Local Rule 5.7(f). (*Id.*)

Before the Court issued its final order on Hardy's first motion to amend, Hardy filed a second motion to amend his complaint to add his claims against Jungel. (ECF No. 33.) Once again, Hardy failed to attach a copy of his proposed pleading to the motion. (*Id.*) While it does not appear that the magistrate judge ruled on the motion, the Court concludes that, like Hardy's first motion to amend, the second motion was procedurally deficient because Hardy did not attach a copy of the proposed amended pleading. Thus, the magistrate judge did not err by considering the motion for summary judgment without first ruling on Hardy's motion to amend, because it could not be granted.

Third, Hardy asserts that he has established sufficient evidence for a reasonable trier of fact to find in his favor on his conditions-of-confinement claim under the Eighth or Fourteenth Amendment. He asserts that his medical records show that "he suffered a serious deprivation of life's minimal necessities" and that the Defendants exhibited deliberate indifference to that deprivation. Specifically, he objects that he was not provided a blanket or proper food during a two-day stint in isolation at ICJ. He further asserts that the cold air he experienced caused "objective injuries" that required physical therapy and ongoing treatment.

The Court agrees with the magistrate judge that Plaintiff has not set forth sufficient evidence to evade summary judgment on this claim. Hardy's medical records, in the light most favorable to him, establish at most that he suffers from "body aches," that *in his view*, began when he was assigned to isolation for forty-eight hours. The records do not establish that the aches and pains are anything more than the "[r]outine discomfort [that] 'is part of the penalty that criminal offenders pay for their offenses against society.'" *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (quoting *Rhodes*, 452 U.S. at 347). In other words, in the light most favorable to Hardy, he has not presented evidence from which a reasonable trier of fact could conclude that he suffered an "extreme deprivation [as] required to make out a conditions of confinement claim." *Id.* To the extent that Plaintiff argues for a claim of deliberate indifference to a serious medical need, the Court concludes that he has established neither that he suffered an objectively serious injury nor that the Defendants consciously disregarded the risk of such an injury. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

Finally, Hardy argues that "he suffered physical harm as a result of all defendant's actions," which violated the Fourteenth Amendment—echoing his claims under the Eighth Amendment. Somewhat confusingly, he then begins an abrupt discussion of his defamation claim, stating that after five years of law-abiding behavior, his name was removed from the sex offender online registry, so his address was no longer available to the public. Thus, he claims that he had a Fourteenth Amendment right to privacy and not to be identified as a sexual predator. But "[a]rguments in parties' briefs are not evidence." *Duha v. Agrium, Inc.*, 448 F.3d 867, 879 (6th Cir. 2006). The magistrate judge properly concluded that Hardy did not proffer sufficient evidence to evade summary judgment on his Fourteenth Amendment or state-law claims relating to his status as a sex offender.

## Conclusion

For the reasons discussed, the Court will adopt the R & R, overrule Hardy's objections and grant the Defendant's motion for summary judgment.

## ORDER

For the reasons set forth in the accompanying opinion, the Court **ADOPTS** the Report and Recommendation (ECF No. 87) as the opinion of the Court, **OVERRULES** Plaintiff Gregory Hardy's objections to the R & R, and **GRANTS** Defendants' motion for summary judgment. (ECF No. 54.)

**JUDGEMENT TO FOLLOW.**

**Date:** August 7, 2018  /s/ Paul L. Maloney
Paul L. Maloney
United States District Judge